# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
SAMUEL WEBB,                            *
                                        *       No. 15-803V
                                        *
                Petitioner,             *       Special Master Christian J. Moran
                                        *
v.                                      *
                                        *       Filed: April 28, 2022
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *       Attorneys' fees and costs
                                        *
                Respondent.             *
* * * * * * * * * * * * * * * * * * * *

Samuel Webb, Pro Se;

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, formerly counsel for petitioner;

Julia Collison, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

  Represented by Attorney Andrew Downing, Samuel Webb filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), on July 29, 2015. His original petition alleged that the flu vaccine he received on November 20, 2012, caused him to develop Bell's palsy on the left side of his face.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Mr. Downing has sought an award of the attorneys' fees and costs that he incurred. Mr. Downing is awarded **$26,356.47**.

## Procedural History

Mr. Webb originally alleged that the seasonal flu vaccine, administered on November 20, 2012, caused him to experience facial nerve paralysis, facial palsy, and pain on the left side of his face. Pet., filed July 29, 2015, at ¶ 35. The petition refers to this constellation of symptoms as being consistent with Bell's palsy. Id.

After a lengthy process through which Mr. Downing acquired Mr. Webb's medical records, the Secretary argued that the medical records indicated that the onset of Mr. Webb's claimed injury occurred two months before the administration of his flu vaccine on November 20, 2018. Resp't's Rep., filed Apr. 20, 2016, at 11. The Secretary requested that the undersigned find that the case was not appropriate for compensation and dismiss the petition. Id. at 12.

Mr. Downing filed a motion to withdraw as counsel for Mr. Webb on July 20, 2016. Adjudication of this motion was deferred to allow Mr. Downing an opportunity to file a motion for an award of attorneys' fees on an interim basis.

Mr. Downing did file a motion for an award of attorneys' fees on an interim basis on October 31, 2016. Mr. Downing requested $27,356.74. The Secretary did not respond to this motion within the time permitted by the rules.[2] With that submission on file, Mr. Downing's motion to withdraw was granted. Order, issued Nov. 2, 2016.

Mr. Webb proceeded pro se. Eventually, his claim was dismissed. Decision, issued Sept. 27, 2018, 2018 WL 5292226. After Mr. Webb challenged the outcome, the Court of Federal Claims denied a motion for review. Opinion and Order, issued Sept. 7, 2021, 2021 WL 4077553. Mr. Webb, then, appealed. The Court of Appeals for the Federal Circuit affirmed the judgment. Opinion, issued Apr. 11, 2022, 2022 WL 1073216.

The action by the Federal Circuit effectively converts Mr. Downing's motion for an award of attorneys' fees and costs on an interim basis into a motion

---

[2] The Secretary's current counsel of record was not counsel of record in 2016.

2

for final fees.  The Federal Circuit's action also makes Mr. Downing's motion ready for adjudication.

## Analysis

## I. Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs

Petitioners who have been denied compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1).  The Secretary has not interposed any objection based upon a lack of reasonable basis.  Accordingly, the undersigned finds that there was a reasonable basis for the claim asserted in the petition.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

## II. What Is a Reasonable Amount of Attorneys' Fees and Costs

### A. Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, the lodestar yields a reasonable amount of attorneys' fees.  Thus, the analysis below centers on the two components of the lodestar formula—a reasonable hourly rate and a reasonable number of hours.

#### 1. Reasonable Hourly Rates

The petitioner seeks attorneys' fees for work four professionals performed.  These are Mr. Downing, associate attorney Justin N. Redman, paralegal Robert W. Cain, and paralegal Danielle P. Avery.  The majority of the requested fees derive from Mr. Downing's work.  The requested rates are reasonable.

3

2. Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

Tasks "that a paralegal can accomplish should be billed at a paralegal's hourly rate." Riggins v. Sec'y of Health & Hum. Servs., 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. denied (slip. op. Dec. 10, 2009), aff'd, 406 F. Appx. 479 (Fed. Cir. 2011). Here, both Mr. Downing and Mr. Redman occasionally performed work that paralegals could have performed less expensively.

Overall, the timesheets from Mr. Downing and people from his law firm are sufficiently detailed that the activity can be assessed for its reasonableness. In only a handful of instances, the attorney or paralegal spent an excessive or unreasonable amount of time on a given task. Consequently, to achieve "rough justice," $1,000.00 is deducted. Therefore, **the petitioner is awarded $23,431.00 in attorneys' fees.**

B.  Attorneys' Costs

In addition to seeking an award of attorneys' fees, Mr. Downing seeks an award for his attorneys' costs, totaling **$2,925.74**. These items are adequately documented and are awarded in full.[3]

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). A reasonable amount is **$26,356.47**. This shall be paid as follows:

---

[3] Although the petitioner is receiving complete reimbursement for the quotidian items, the undersigned has a small concern about a charge for incoming and outgoing faxes. The operation of a fax machine is part of a law firm's general overhead and, therefore, separate costs should not be charged. However, because the amount of money is de minimis, no adjustment is made. While Mr. Downing's motion in this case was pending, Mr. Downing has changed his practice.

4

**A lump sum payment of $26,356.47, in the form of a check made payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

The Secretary is directed to mail this check to Mr. Downing.  The Clerk shall transmit this decision to Mr. Downing.

The Clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

s/ Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgement by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.