# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
SAMUEL WEBB,                    *
                                *   No. 15-803V
                                *
        Petitioner,             *   Special Master Christian J. Moran
                                *
v.                              *
                                *   Filed: April 29, 2022
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *   Pro se costs
                                *
        Respondent.             *
* * * * * * * * * * * * * * * * * * * *

Samuel Webb, Pro Se;

Julia Collison, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING PETITIONER'S COSTS[1]

After Samuel Webb's attorney withdrew from representing him, Mr. Webb represented himself in proceedings before the Office of Special Masters, the Court of Federal Claims, and the Federal Circuit. Mr. Webb has requested reimbursement of the costs he incurred. Mr. Webb is awarded $631.67.

### Procedural History

Represented by Attorney Andrew Downing, Mr. Webb originally alleged that the seasonal flu vaccine, administered on November 20, 2012, caused him to experience facial nerve paralysis, facial palsy, and pain on the left side of his face.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Pet., filed July 29, 2015, at ¶ 35.  Mr. Downing filed a motion to withdraw as counsel for Mr. Webb on July 20, 2016.  Mr. Downing's motion to withdraw was granted.  Order, issued Nov. 2, 2016.

Mr. Webb proceeded pro se.  Eventually, his claim was dismissed.  Decision, issued Sept. 27, 2018, 2018 WL 5292226.  After Mr. Webb challenged the outcome, the Court of Federal Claims denied a motion for review.  Opinion and Order, issued Sept. 7, 2021, 2021 WL 4077553.  Mr. Webb then appealed.  The Court of Appeals for the Federal Circuit affirmed the judgment.  Opinion, issued Apr. 11, 2022, 2022 WL 1073216.

While Mr. Webb's appeal to the Federal Circuit, he filed a motion seeking reimbursement of expenses that he incurred while representing himself.  Pet'r's Mot., filed Dec. 20, 2021.  The Secretary deferred to the special master as to whether Mr. Webb should be awarded costs on an interim basis.[2]  The Secretary did not otherwise oppose the amount Mr. Webb requested.  Resp't's Resp., filed Dec. 23, 2021.

## Analysis

I.   **Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs**

Petitioners who have been denied compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  The Secretary has not interposed any objection based upon a lack of reasonable basis.  Accordingly, the undersigned finds that there was a reasonable basis for the claim asserted in the petition.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

II.  **What Is a Reasonable Amount of Petitioner's Costs**

---

[2] While the Secretary's comments about the interim nature of Mr. Webb's request were accurate when they were made, the Federal Circuit's April 11, 2022 Opinion essentially concludes Mr. Webb's litigation.

2

Mr. Webb is seeking reimbursement of costs he incurred while representing himself. Special masters have allowed pro se petitioners to recover their costs, but not any attorneys' fees. See, e.g., Loutos v. Sec'y of Health & Hum. Servs., No. 03-355V, 2015 WL 10986961 (Fed. Cl. Spec. Mstr. Dec. 18, 2015).

Here, Mr. Webb has requested $631.67 for items such as postage and copies. These are reasonable and adequately documented.

## Conclusion

The Vaccine Act permits an award of reasonable costs. §15(e). A reasonable amount is $631.67. This shall be paid as follows:

**A lump sum payment of $631.67, in the form of a check made payable to petitioner for costs available under 42 U.S.C. § 300aa-15(e).**

The Secretary is directed to mail this check to petitioner.

The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgement by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.