# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
[unpublished]

* * * * * * * * * * * * * * * * * * * * * * * *
SAMUEL WEBB,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

No. 15-803V

Special Master Christian J. Moran

Filed: February 24, 2023

Pro se costs

## UNPUBLISHED DECISION DENYING MOTION FOR SUPPLEMENTAL COSTS[1, 2]

    Mr. Samuel Webb, a pro se petitioner, filed a motion for reimbursement for supplemental costs. For the reasons stated below, Mr. Webb's motion is <u>DENIED</u>.

**I.    Procedural History**

    Mr. Webb claimed that influenza vaccines caused him to suffer Bell's Palsy. Pet., filed July 29, 2016, at 1-2. Mr. Webb was initially represented by Mr. Andrew Downing. However, Mr. Downing later withdrew his representation. Order Granting Mot. to Withdraw, issued Nov. 2, 2016. Thus, from November 2016 until today, Mr. Webb has been a pro se petitioner.

    After approximately two years of litigation, Mr. Webb was found not entitled to compensation. Decision, issued Sept. 27, 2018, 2018 WL 5292226. Following the decision, Mr. Webb filed a motion for review. Pet'r's Mot. for Rev., filed Dec. 12, 2018. The Federal Claims Court issued a memorandum opinion and order, denying petitioner's review and sustaining the decision. 2021 WL 4077553 (Fed. Cl. July 29, 2021). Judgment was entered on July 29, 2021.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on January 31, 2023, and the parties were afforded 14 days to propose redactions. Petitioner set forth the proposed redactions that are present in this decision. Accordingly, this Decision is reissued in its original form with redactions for posting on the court's website.

CM/ECF 118.  The Federal Circuit affirmed this judgment on April 11, 2022.  2022 WL 1073216.

      Mr. Webb first filed a motion for costs on December 12, 2021.  On April 29, 2022, the undersigned granted petitioner's motion, awarding him $631.67.  Decision Awarding Pet'r's Costs, issued Apr. 29, 2022, 2022 WL 1913084.[3]

      On July 6, 2022, Mr. Webb filed a second motion for supplemental costs. Pet'r's Mot. for Leave to Supplement Costs, filed July 6, 2022.  Mr. Webb sought an award of $350.00 to be directly paid to Ms. ▓▓▓ Hernandez, whom he referred to as his "private research assistant." Id. at 1.  Mr. Webb stated the $350.00 was to pay for "four consultation correspondences at a flat fifty dollars each, to include her time online search[ing], download[ing] paper copies and then U.S. mail postage costs." Id.; see also id. Attachment 2 – Pet'r's Aff. 1-2.  Mr. Webb also noted that of the $350.00, $150.00 was to reimburse Ms. Hernandez for money she paid to Mr. Webb to "help [him] with the costs of the case." Id. at 1-2.

      The Secretary deferred to the undersigned's assessment.  Resp't's Resp., filed July 7, 2022.

## II.    **Standards of Law**

      The Vaccine Act provides that reasonable attorneys' fees and costs "shall be awarded" for a petition that results in compensation. 42 U.S.C. § 15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). Here, the Secretary did not interpose any objection due to a lack of reasonable basis.  The lack of objection weighs heavily on a finding that Mr. Webb is eligible for an award of attorneys' fees and costs.  See Decision Awarding Petitioners' Costs, issued Apr. 29, 2022, 2022 WL 1913084.

      Special masters have allowed pro se petitioners to recover their costs, but not any attorneys' fees. See, e.g., Loutos v. Sec'y of Health & Hum. Servs., No. 03-355V, 2015 WL 10986961 (Fed. Cl. Spec. Mstr. Dec. 18, 2015).  Petitioners' costs "must include a statement, signed by petitioner, specifying any costs that were borne by petitioner personally rather than by counsel (along with supporting documentation), and stating the amount of any retainer paid by petitioner." Vaccine Guidelines § (X) Ch. (3) ¶ (B)(3).

      Tasks that are typically designated as secretarial in nature are not reimbursable. See, e.g., Macrelli v. Sec'y of Dep't of Health & Hum. Servs., No. 98-103V, 2002 WL 229811, at *7 (Fed. Cl. Spec. Mstr. Jan. 30, 2002) (noting that "time spent performing secretarial tasks is to be subsumed in the overhead costs of practicing law and is not reimbursable"); Isom v. Sec'y of Dep't of Health & Hum. Servs., No. 94-770V, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with respondent that tasks such as filing and photocopying are subsumed under overhead expenses).

---

      [3] A separate decision regarding the attorneys' fees and costs Mr. Downing incurred while representing Mr. Webb was issued on April 28, 2022.  2022 WL 1913084.

### III. Analysis

Mr. Webb's motion's seeks reimbursement in the amount of $350.00 for costs incurred by a research assistant, Ms. ▉▉▉▉ Hernandez. The $350.00 can be broken down into two amount categories: $200.00 and $150.00.

The first category of costs constituting $200.00 are for tasks Ms. Hernandez appears to have done on behalf of Mr. Webb. Here, Mr. Webb has failed to show that Ms. Hernandez has legal qualifications that justify a grant of attorney's fees. Mr. Webb stated Ms. Hernandez served as his "private research assistant" and conducted online searching, downloading paper copies, and incurred postage costs. Pet'r's Mot., filed July 6, 2022. As Macrelli and Isom hold, tasks that are typically designated as secretarial in nature, such as filing, photocopying, are not reimbursable. Macrelli v. Sec'y of Dep't of Health & Hum. Servs., No. 98-103V, 2002 WL 229811 , at *7 (Fed. Cl. Spec. Mstr. Jan. 30, 2002); Isom v. Sec'y of Dep't of Health & Hum. Servs., No. 94-770V, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001). While postage may be reimbursed, it is unclear what exact costs Ms. Hernandez incurred in sending Mr. Webb this postage. Accordingly, because the tasks Ms. Hernandez completed were secretarial in nature, and because Mr. Webb has not established Ms. Hernandez's exact postage fees, these $200.00 in costs are DENIED.

The second category of costs for $150.00 are for reimbursements to Ms. Hernandez that she deposited directly to Mr. Webb. This money, however, appears to be funds he later used in connection to his case and later sought reimbursement. See Pet'r's Mot. for Costs, filed Dec. 20, 2022; Decision Granting Pet'r's Costs, issued Apr. 29, 2022, 2022 WL 1913084. Indeed, Mr. Webb's July 6, 2022 motion states that this $150.00 was given to him by Ms. Hernandez to "help [him] with the costs of the case." Pet'r's Mot., filed July 6, 2022, at 1-2. Accordingly, because Mr. Webb was already awarded costs on June 1, 2022 for fees he incurred as part of the litigation, the $150.00 is DENIED.[4]

### IV. Conclusion

Accordingly, Mr. Webb's motion for supplemental costs in the amount of $350.00 is DENIED. The Clerk's Office is instructed to issue a judgment in accord with this decision

---

[4] Whether Mr. Webb submitted his supplemental motion within the time permitted by the Vaccine Rules is not addressed. Vaccine Rule 13(a) states that a motion for costs must be filed within 180 days of the judgment. Judgment in Mr. Webb's case entered on July 29, 2021, and, arguably, the time for filing the motion for costs began running that day.
However, Mr. Webb filed an appeal and the Federal Circuit issued its mandate on June 10, 2022. CM/ECF 135. If the Federal Circuit's mandate started the 180-day period for filing a motion for costs, then Mr. Webb's July 6, 2022 motion is timely.
Because the Secretary has not argued that Mr. Webb's motion is untimely and because resolution of the timeliness of the submission will not change the outcome, the undersigned declines to determine how an appeal to the Federal Circuit affects the deadline for filing a motion for costs, if at all.

unless a motion for review is filed.  Information about filing a motion for review, including the deadline, may be found on the website for the Court of Federal Claims.

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master