# In the United States Court of Federal Claims

No. 15-803V
(Filed under seal June 8, 2023)
(Reissued June 29, 2023)†

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
SAMUEL WEBB,                              *
                                          *
                    Petitioner,           *
                                          *
         v.                               *
                                          *
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
                    Respondent.           *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

Petitioner, Samuel Webb, has moved for relief from judgment under Rule 60(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). *See* Pet'r's Rule 60 Mot., ECF No. 138 at 1–4. He maintains that the Special Master made the mistake of not holding a second Vaccine Rule 5 status conference, after Mr. Webb was allowed to file an amended petition and the government filed a supplemental Vaccine Rule 4(c) report. *See id.* at 1–3; *see also* Pet'r's Reply, ECF No. 141 at 5. Petitioner argues that he could have established that the date of onset of his medical condition was incorrectly recorded in a medical record had this conference been held. Pet'r's Rule 60 Mot. at 1–3. Additionally, Mr. Webb contends that the Special Master's opinion mistakenly referred to the nurse who created one record as merely a technician, and contained a truncated quote from petitioner, matters he could have addressed earlier in a conference. Pet'r's Reply at 7–8.

Under RCFC 60(b)(1), our court has the discretion to "relieve a party or its legal representative from a final judgment" due to a mistake. Various kinds of mistakes have been found to justify this relief in the past. These include such

---

† As neither party has requested redactions pursuant to Rule 18(b) of Appendix B to the Rules of the United States Court of Federal Claims (Vaccine Rules), the order is released for public access.

matters as the omission of a travel expense from a motion for reimbursement of attorneys' fees and costs, *Yalacki v. Sec'y of Health & Hum. Servs.*, No. 14-278V, 2021 WL 2070629, at *2–3 (Fed. Cl. Spec. Mstr. Apr. 27, 2021); and the dismissal of a suit on the basis that the true plaintiff was a corporation unrepresented by counsel, when that corporation had actually been dissolved before the suit was brought, *Curtis v. United States*, 61 Fed. Cl. 511, 514–16 (2004).  The Federal Circuit has also found that the inadvertent failure of a special master to include in an order the determination of compensation for pain and suffering could be a ground for relief from judgment.  *Patton v. Sec'y of Dep't of Health & Hum. Servs.*, 25 F.3d 1021, 1030–31 (Fed. Cir. 1994).

Rule 60, however, is not a mechanism for unsuccessful litigants to re-litigate their respective cases.  *Delpin Aponte v. United States*, No. 05-1043C, 2014 WL 3725933, at *1 (Fed. Cl. July 23, 2014) (citation omitted); *see also Spengler v. United States*, 128 Fed. Cl. 338, 343 (2016) ("Rule 60(b)(1) does not provide grounds for relief where a party is merely rearguing the legal issue already considered by the court.") (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).  This is particularly so once a decision has been appealed and affirmed.  As the Federal Circuit has explained, "once [a] judgment has been affirmed on appeal, Rule 60 provides no general exception to the longstanding bar on the trial court's undoing the affirmance based on later presentation of arguments that the challenger presented, or could have presented, in the earlier appeal."  *Talasila, Inc. v. United States*, 524 F. App'x 671, 673 (Fed. Cir. 2013) (citations omitted).  The Court of Appeals emphasized that "[s]omething significantly more is required for Rule 60 relief in these circumstances, lest the orderly process of appeal be subverted and do-overs upset the repose that finality provides and divert courts' resources away from the adjudication of fresh claims."  *Id.*; *see also Hill v. United States*, 146 Fed. Cl. 523, 524 (2018) (explaining that "because [plaintiff] appears to do nothing more than present arguments similar to those he presented to the court of appeals, his RCFC 60(b) motion following affirmance by that court is inappropriate") (citing, *inter alia*, *Quailes v. United States*, 109 Fed. Cl. 651, 658–59 (2013)).

Petitioner's motion does not involve the type of mistake that warrants relief under RCFC 60(b)(1), but instead reiterates arguments already rejected by both courts or variations on them that he could have raised earlier.  He again complains that the Special Master did not hold a second Vaccine Rule 5 conference.  Pet'r's Rule 60 Mot. at 1–2; Pet'r's Reply at 1, 5.  But this Court rejected his argument that such a conference was required by the Vaccine Rules, *Webb v. Sec'y of Health & Hum. Servs.* (*Webb II*), 2021 WL 4077553, at *7 (Fed. Cl. Sept. 7, 2021); and the Federal Circuit upheld this decision on the ground that the absence of a second Vaccine Rule 5 conference did not prejudice Mr. Webb, as his evidence and arguments were considered by the Special Master, *Webb v. Sec'y of Health & Hum. Servs.* (*Webb III*), No. 2021-2276, 2022 WL 1073216, at *5 (Fed. Cir. Apr. 11, 2022).

Perhaps to address the Circuit's finding that the matter was not affected by the lack of a second Vaccine Rule 5 conference, Mr. Webb now specifically maintains that such a conference would have been his only forum in which to establish by a preponderance of the evidence that the November 30, 2012 medical record incorrectly recorded the timing of onset of Bell's palsy on the left side of his face. *See* Pet'r's Rule 60 Mot. at 2–3; Pet'r's Aff., ECF No. 140, ¶¶ 8–9.  Petitioner invokes 42 U.S.C. § 300aa–13(b)(2) as the source of this purported procedure, although that provision applies only to Table cases (which his is not) and does not so much as suggest that its operation is confined to any sort of status conference.   In any event, Mr. Webb had cited this Vaccine Act provision in his opposition to the motion to dismiss his petition, arguing that his submissions established that the onset was incorrectly recorded, Resp. to Mot. to Dismiss, ECF No. 91, at 2–3, and the Special Master considered his evidence and found the November 30, 2012 medical record to be the most reliable evidence of onset, *Webb v. Sec'y of Health & Hum. Servs.* (*Webb I*), 2018 WL 5292226, at *4–5, 7–8 (Fed. Cl. Spec. Mstr. Sept. 27, 2018).  Petitioner also cited 42 U.S.C. § 300aa–13(b)(2) in his motion for review before this Court, *see* Mot. for Review, ECF No. 96, at 8, 12, and quoted from the provision in his opening brief before the Federal Circuit, *see* Ex. A to Pet'r's Rule 60 Mot. at A25, ECF No. 138-1 at 29.  Rule 60(b) is not a vehicle for Mr. Webb to repackage these arguments.

Petitioner also contends that a second Vaccine Rule 5 conference would allow him to address two purported discrepancies in the Special Master's analysis---the latter's belief that a nurse who attended to Mr. Webb was merely a technician who would not have performed a physical examination, and his omission of a portion of a quote from petitioner.  Pet'r's Reply at 7–8; *see also Webb I*, at *7–8; Pet'r's Ex. 3, ECF No. 9-3 at 33; Pet'r's Ex. 14, ECF No. 76 ¶ 2.  Both points were raised by Mr. Webb in his unsuccessful attempt to get the Federal Circuit to rehear his appeal.  *See* Ex. E to Pet'r's Rule 60 Mot. at E5–E9, ECF No. 138-2 at 33–37.  Petitioner's motion for review in our court discussed at length the October 9, 2012 appointment and the nurse's record of his condition on that day, as well as the observations of technicians on other occasions.  *See* Mot. for Review at 13–18; Pet'r's Reply to Resp., ECF No. 104, at 6–7; Pet'r's Sur-reply, ECF No. 106, at 2.  His opening brief to the Federal Circuit similarly elaborated upon the October 9, 2012 "limited physical examination by a registered nurse," *see* Ex. A to Pet'r's Rule 60 Mot. at A13–A20.

Although Mr. Webb did not previously highlight the passage he contends was selectively quoted, he did discuss his affidavit, filed as petitioner's exhibit 14, *see* ECF No. 76 at 10, in his motion for review, *see* Mot. for Review at 12, 16, 18, and his appellate briefing, *see* Ex. A to Pet'r's Rule 60 Mot. at A13.  If Mr. Webb believes these specific alleged mistakes materially altered the Special Master's decision, he could have drawn attention to them in his motion for review or his appeal of this court's decision.  The purpose of Rule 60(b) is not simply to have a lower court entertain more refined or recalibrated arguments concerning a matter upon which a

litigant has already lost in a court of appeals, *see Talasila*, 524 F. App'x at 673---in this case, whether the Special Master wrongly found that the onset of Mr. Webb's condition predated the vaccination in question.  *See* Ex. A to Pet'r's Rule 60 Mot. at A11–A20, A24; *Webb III,* 2022 WL 1073216, at *3–4.

The Court notes that, despite some superficial similarities, Mr. Webb's motion does not present circumstances remotely like those recently encountered by the Federal Circuit in *DiMasi v. Secretary of Health and Human Services*, 55 F.4th 1344 (Fed. Cir. 2022).  In *DiMasi*, a petitioner's argument concerning an allegedly inaccurate date of onset reported in medical records was never presented by her counsel to the Special Master, and no petition for review was filed on her behalf.  *Id.* at 1346–47, 1349.  Here, in contrast, Mr. Webb zealously disputed the accuracy of the medical record before the Special Master, this court, and the Federal Circuit.  He has had his day(s) in court, and cannot use Rule 60(b)(1) to get another one.

For the foregoing reasons, petitioner's motion for relief from judgment is **DENIED.**

**IT IS SO ORDERED.**

                                          s/ Victor J. Wolski
                                          **VICTOR J. WOLSKI**
                                          Senior Judge